MEGAN T. HOPKINS, #294141
Law Office of Megan T. Hopkins
916 2nd Street, 2nd Floor
Sacramento, CA  95814
Phone (916) 220-5520
Law.Office.MTH@gmail.com


Attorney for Defendant
MICHAEL DAVID DICKEY

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  2:25-CR-00249-DAD |
| | ) | |
| Plaintiff, | ) | DEFENDANT MICHAEL DAVID DICKEY'S |
| | ) | SENTENCING MEMORANDUM; EXHIBIT A |
| vs. | ) | |
| | ) | |
| MICHAEL DAVID DICKEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Michael David Dickey hereby submits his sentencing memorandum of the Court's consideration prior to imposing a sentence in this case. He respectfully asks the Court consider a downward variance in this case in light of the factors set forth under 18 U.S.C. § 3553(a) to reach a sentencing that is sufficient, but not greater than necessary to accomplish the goals of sentencing. Mr. Dickey asks that the Court reach the conclusion that such a sentence is satisfied by the imposition of a 15-year custodial sentence, followed by 10 years of supervised release.

### SENTENCING MEMORANDUM

District courts have broad discretion in determining the appropriate length of incarceration for each individual defendant. *See Beckles v. United States*, 137 S. Ct. 886, 893 (2017). Significantly, there is no presumption that the guideline calculation is reasonable. *Gall v. United States*, 552 U.S. 38, 50 (2007). Rather, the guidelines are one of "several factors" to be considered, but they "do not constrain [the district court's discretion.]" *Beckles*, 137 S. Ct. 893-

94 (citations omitted); *see also id.* at 896 (rejecting the government's argument that the guidelines are unlike "the other § 3553(a) factors"). Indeed, a sentencing court "must make an individualized assessment based on the facts presented." *Gall*, 552 U.S. at 50; *see e.g.*, *Nelson v. United States*, 555 U.S. 350, 352 (2009).

The Supreme Court has ruled that individualized sentencing decisions must be grounded in the factors set forth at 18 U.S.C. § 3553(a). *United States v. Booker*, 543 U.S. 220, 245 (2005). These factors include the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, afford adequate deterrence, protect the public, avoid unwarranted sentencing disparities among defendants with similar records convicted of similar conduct, and provide restitution. 18 U.S.C. § 3553(a).

18 U.S.C § 3553 calls upon the Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in subparagraph (a)(2). 18 U.S.C. § 3553(a). The four purposes of sentencing as identified by the Supreme Court are "retribution, deterrence, incapacitation, and rehabilitation." *Tapia v. United States*, 131 S.Ct. 2382, 2387 (2011). For the reasons stated above and below, in Mr. Dickey's case, an individualized assessment of the § 3553(a) factors supports a downward variance to the mandatory minimum, which reflects a sentence that is certainly severe (15 years in prison) to account for the serious offense conduct, but also affords Mr. Dickey the opportunity to re-enter the community under the supervision of the U.S. Probation Office and avail himself of necessary treatment including sex-offender treatment and individualized counselling, vocational training and life skills development so that he can achieve independence, repay his restitution, and most importantly address the underlying issues that led to his offense conduct.

### 1. The Nature and Circumstances of the Offense

Mr. Dickey was extremely socially isolated, lonely and depressed at the time of the offense. He was using marijuana as a crutch to numb his feelings of melancholy and hopelessness. With only his mother to confide in and without any healthy social outlets, he found

Sentencing Memorandum

himself seeking connection with anyone who was willing, online. Mr. Dickey met the victims in this case in online social platforms and masked who he was in order to encourage the victims to engage with him, so that he could create content to validate himself in the greater online community of people who were sharing these materials. The materials themselves were a form of social currency, and Mr. Dickey, desperate to find community anywhere it was available to him, did not think of what he was doing as any more than generating that currency.

That is, until the raid. When agents came to Mr. Dickey's home to execute a search warrant, the glass shattered on what he had been doing. Mr. Dickey was confronted with the fact that the minors he was recording were victims of his criminal conduct, and were harmed by what he had done, even if they were not yet aware he had done it. He quickly determined that he needed to take responsibility for what he had done, and cooperated with the agents that same day. He spoke to them in earnest, without a lawyer present, and admitted to what he had done. In large part due to his candor, Mr. Dickey was allowed to remain out of custody while his appointed counsel worked with the government on a pre-indictment resolution of his case.

In the time his case took to resolve, Mr. Dickey enrolled in mental health counselling with an emphasis on sex-offender treatment, obtained employment, and had a candid conversation with his mother about his mental state and the severe depression he was experiencing. He attempted to make friends at work, and build healthier relationships with the support of his counselor. Mr. Dickey felt a flicker of independence and self-appreciation for the first time since childhood.

The nature and circumstances of the offense demonstrate a lack of maturity and stability, as well as a complete lack of appreciation (at the time) for the wrongfulness of Mr. Dickey's actions. Mr. Dickey was honest with law enforcement at the time of the execution of the search warrant, immediately expressed remorse, and admitted to recording and sharing explicit content involving multiple minor victims in an online forum which he was willing to explain to the agents in detail.

Sentencing Memorandum

3

### *2. Mr. Dickey's History and Characteristics*

Mr. Dickey is developmentally limited, and was a severely co-dependent and emotionally unstable individual, triggered by the isolation brought on by the pandemic, at the time of his offense conduct. As his mother writes to the Court, Mr. Dickey is on the spectrum for Autism and ADHD. *See* Exhibit A: Letter from Jennifer Shaffer. He was bullied by his own father and made to feel worthless, and as a result became very socially isolated. *See id*. Mr. Dickey has never had a healthy relationship with an adult partner and has lived at home all of his life, up until the time that he was remanded into custody, following his entry of a guilty plea in this case. What few friendships he had and cherished, faded away during the early phases of the pandemic, and Mr. Dickey was left without anyone to interact with other than his mother.

Mr. Dickey's history and characteristics do not excuse his conduct, but they do help to explain why he would seek out the connections he did, at whatever cost. His mental and emotional maturity is very stunted, and has been all of his life. It is necessary for Mr. Dickey to receive support and treatment in addressing these issues and developing appropriate social skills to allow him to interact with his peer group and form appropriate relationships. While there is some programming available at BOP, very little of it is tailored toward the type of services Mr. Dickey needs. The sooner he commences supervision and can be helped through the supportive services and resources available through supervision, the sooner his most meaningful rehabilitation will take effect.

### *3. The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment*

A sentence of 15 years of incarceration followed by 10 years of supervised release is just punishment in this case. A decade and a half living out of a prison cell, followed by a lengthy term of supervision, reflects the very serious nature of the offense while also recognizing that Mr. Dickey was driven to his offense conduct out of desperation for a human connection of any kind, which illustrates the extremity of his loneliness. Mr. Dickey needs treatment as much as anything in order to achieve the balance between punishment and rehabilitation. This is Mr.

Sentencing Memorandum

Dickey's first criminal case, and a sentence of 15 years in custody is a substantial sentence for any first-time offender. Additionally, Mr. Dickey faces the collateral consequences of this conviction, including lifetime registration as a sex-offender.

**4. *The Need to Afford Adequate Deterrence to Criminal Conduct and Protect the Public from Further Crimes***

The requested sentence removes Mr. Dickey from the community for 15 years, and thereafter places him on a term of supervision for another 10 years. Both the lengthy term of incarceration requested and the term of supervised release to follow adequately address the need to deter any future offenses.

**5. *The Need to Provide Mr. Dickey with Needed Educational or Vocational Training, or Other Correctional Treatment in the Most Effective Manner***

Prison is not rehabilitative in the ways most critical for Mr. Dickey, given his developmental limitations, however Mr. Dickey will take advantage of any opportunities available to him to obtain work skills and education while he serves his sentence. Nevertheless, the sooner he is able to commence supervision and participate in the individualized and group treatment available through U.S. Probation, the greater his success in rehabilitation will be.

Probation is able to offer Mr. Dickey sex-offender specific treatment, but also educational and vocational training, life skills training, and group therapy to help him in his most critically underdeveloped areas.

**6. *The Need to Avoid Unwarranted Sentencing Disparities***

The requested sentence would not result in any unwarranted sentencing disparities. Mr. Dickey has no prior convictions and has never before served time in custody. There was no physical contact involved in the offense, and Mr. Dickey was never physically present in the room with the victims, nor was he coercive in his tactics to get what he wanted from them – all of them willingly participated in the chat exchanges – albeit under false pretenses - resulting in the illicit material. Mr. Dickey is a unique defendant given his personal characteristics, and the requested sentence is substantial.

Sentencing Memorandum

**CONCLUSION**

For the foregoing reasons in both this memorandum and the attached letter from Mr. Dickey's mother, Mr. Dickey respectfully requests that the Court impose a sentence of 15 years, to be followed by a 10-year term of supervised release.

Respectfully submitted,

Dated: May 13, 2026

_/s/ Megan T. Hopkins_
MEGAN T. HOPKINS
Attorney for Defendant
MICHAEL DAVID DICKEY

Sentencing Memorandum